2002 OK CIV APP 12

**Marilyn E. CORDELL, now Marilyn E. Cordell–Van Skike, Plaintiff/Appellee.**

v.

**Charles E. CORDELL, Defendant/Appellant.**

**No. 96,788.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 14, 2001.

Randy J. Long, Enid, OK, for Plaintiff/Appellee.

Doug Friesen, Oklahoma City, OK, for Defendant/Appellant.

CAROL M. HANSEN, Chief Judge.

¶ 1 Appellant, Charles E. Cordell, appeals a trial court order denying his Application for Citation of Contempt, filed against Appellee, Marilyn E. Van Skike, formerly Cordell, his former wife.[1] His application alleged Appellee had violated an Arizona court order which stated: "Neither parent will relocate

1. The order from which he appeals provides, in part:

with the children ... without prior written consent of the other parent, or a court ordered parenting plan." The trial court found it did not have jurisdiction to issue a contempt citation against Appellee because Appellant was attempting to enforce an Arizona order not correctly registered in Oklahoma.

¶ 2 The parties were divorced in Arizona, where they both resided at the time.[2] They have two minor children. On December 17, 1996, the Arizona court entered orders (the 1996 orders), which, *inter alia,* modified custody, child support and visitation. The Modified Custody Agreement, one of the 1996 orders, provided for custody with Appellee and for an adjusted visitation schedule for Appellant. On the subject of relocating the children, the order provided:

Neither parent will relocate with the children out of the Phoenix metropolitan area without prior written consent of the other parent, or a court ordered parenting plan.

. . .

The parents agree that if either parent moves out of the area and returns at a later date, they will revert to using their most recent access arrangements prior to the move or the minimum Maricopa County Access Guidelines until other arrangements can be negotiated.

¶ 3 The Modified Custody Agreement also provided if either child expressed a desire to return to Arizona, Appellee would allow that child to do so. The parents would revise the visitation and support accordingly.[3]

¶ 4 On March 31, 1998 the Arizona court issued another order (the 1998 order), denying a request by Appellant to modify custody,

and reaffirming the 1996 Modified Custody Agreement as to custody. The Arizona court modified child support, visitation and the allocation of medical insurance and expenses for the children.

¶ 5 On March 22, 1999, Appellant filed a "Registration of Foreign Judgment" in the Oklahoma court requesting that the 1998 order from Arizona be registered here. Only the 1998 order was registered at that time, although references were made therein to the 1996 orders.

¶ 6 In December, 2000, Appellant learned indirectly that Appellee, who had previously moved to Enid, Oklahoma, was planning to return to Arizona with the children. When confronted with this information by Appellant, Appellee allegedly told him their plans were uncertain, but later told him they were moving back to Arizona after the children completed their Christmas, 2000, visitation with Appellant.

¶ 7 On March 19, 2001, Appellant filed his Application for Citation for Contempt against Appellee, for failure to obey the 1996 orders, alleging they were still in full force and effect. As grounds for the contempt citation, Appellant alleged Appellee was in violation of a provision of the 1996 Arizona court order, precluding the relocation of the children without prior written consent of the other parent, or a court ordered parenting plan. He alleged in his application:

Plaintiff relocated with the children to Phoenix, Arizona in December of 2000 without prior written consent of the Defendant, or a court ordered parenting plan as ordered.

Specifically, this Court finds that Defendant's own pleading reflects that at the time the Plaintiff moved out of Oklahoma to Arizona no valid, recognizable order was on file in Oklahoma forbidding the Plaintiff from moving from the state of Oklahoma.

The Defendant had registered part of the previous Arizona order in Oklahoma. A hearing was had regarding the *registered* portion of the Arizona order. The matter now used for the basis of his application for contempt was not registered until after the Plaintiff had removed herself from Oklahoma's jurisdiction. This Court had informed Defendant's counsel after filing his contempt that no order exists to form a basis for the contempt. His (sic) subse-

quently registered another portion of the Arizona order after the Plaintiff had left Oklahoma. [Emphasis in original.]

It appears to this Court that the Plaintiff, pursuant to Defendant's admission in his own pleading, now resides in Arizona and would be susceptible to the order he is attempting to enforce belatedly in Oklahoma.

2. The divorce decree is not part of the appellate record.

3. The 1996 Arizona order, referred to as the "Order Changing Custody, Visitation, Child Support", is not included in this record.

¶ 8 Appellant did not register the 1996 order in Oklahoma until April 20, 2001, after Appellee returned to Arizona with her children. Appellee filed a "Motion to Waive Initial Appearance of Plaintiff", alleging undue hardship for her to be required to return to Oklahoma, and then to return for the actual contempt hearing. She alleged she and the children no longer lived in Oklahoma. On its own motion, the trial court struck the initial appearance and requested briefs from the parties, noting that the order allegedly violated (the 1996 order), was not registered in Oklahoma until after Appellee's return to Arizona. The court ordered briefs on: (1) which order is the basis for the contempt allegation; and (2) what jurisdiction the court has to hold Appellee in contempt if she was no longer a resident of Oklahoma when the second Arizona order was registered here.

¶ 9 For reversal, Appellant raises a single issue:

When an order of another state, which incorporates a previous order, is registered in this state, does the State of Oklahoma have jurisdiction to enforce the previous order?

¶ 10 Appellant argued in the trial court that Appellee never questioned the court's jurisdiction when it modified child support and visitation, and therefore, it is logical the court would have jurisdiction over all other matters in this case. He also argued the 1996 orders were referenced in the 1998 Arizona order which was registered in Oklahoma, and that Appellee had ample opportunity to contest the validity or enforcement of the registered order. He also cites 43 O.S. Supp. 2000 § 601–606, regarding the registration and enforcement of *support orders* and the nonregistering party's duty to contest the validity or enforcement of the order within 20 days. Not only does the registration of *support orders* not apply herein, as the issue of relocating the children was contained in the Modified Custody Agreement, but this 1996 Order *was never registered in Oklahoma* so that it could be contested. In

addition, jurisdiction is not conferred by agreement. Appellant has cited no authority persuading us that mere reference to an earlier foreign judgment, rather than incorporating it, in another order is sufficient to bring it within Oklahoma's jurisdiction for purposes of punishing someone for its violation.

¶ 11 Appellee raises the issue that the 1996 Order regarding the relocation of the children contemplates the need for permission if the parties are in the same state and the children were being taken *away from Arizona.* She also contends Appellant has not alleged how his visitation will be negatively impacted if the children are in Arizona.

¶ 12 Appellee correctly argues the statutory sections cited by Appellant are inapplicable. She also contends Appellant failed to follow 12 O.S. § 2005.1 for service of post-judgment motions in divorce actions. She contends the 1996 order has been modified by an Oklahoma court order, filed May 21, 2001[4], which contemplated parties who live hundreds of miles apart. We are not determining custody and visitation currently applicable to these parties in this proceeding. We only decide whether the Oklahoma court had jurisdiction to issue the requested contempt citation against Appellee for violating the 1996 Order. See 43 O.S. Supp. 1998 § 551–305(C), Registration of Child Custody Determination, which provides:

C. The notice required by paragraph 2 of subsection B of this section must state that:

1. A registered determination is *enforceable as of the date of the registration* in the same manner as a determination issued by a court of, this state;

2. A hearing to contest the validity of the registered determination must be requested within twenty (20) days after service of notice; and

3. Failure to contest the registration will result in confirmation of the child

---

4. From recitations in briefs and pleadings, this Court is made aware of an Oklahoma order, dated October 12, 2000, and filed May 21, 2001, in which the Oklahoma court modified child support, visitation and medical insurance premiums. However, this order was not made part of this record on appeal.

custody determination and preclude further contest of that determination with respect to any matter that could have been asserted. [Emphasis supplied].

¶ 13 We hold the trial court correctly determined it did not have jurisdiction.

¶ 14 AFFIRMED.

¶ 15 GARRETT, J., and BUETTNER, P.J., concur.